FILED
SUPERIOR COURT
OF GUAM

2023 JAN 25 PM 12: 23

CLERK OF COURT

BY:_____

## In The Superior Court of Guam

| | |
|---|---|
| ATTORNEY GENERAL OF GUAM,<br><br>Petitioner,<br><br>v.<br><br>(1) AGREEMENT BETWEEN GUAM HOMELAND SECURITY OFFICE OF CIVIL DEFENSE AND SENTRY HOSPITALITY CORP. DBA DAYS INN; (2) AGREEMENT BETWEEN GUAM HOMELAND SECURITY OFFICE OF CIVIL DEFENSE AND SENTRY HOSPITALITY CORP. DBA WYNDHAM GARDENS, GUAM; (3) AGREEMENT BETWEEN GUAM HOMELAND SECURITY OFFICE OF CIVIL DEFENSE AND MARIANAS PROPERTIES, LLC DBA PACIFIC STAR RESORT & SPA; AND (4) AGREEMENT BETWEEN GUAM HOMELAND SECURITY OFFICE OF CIVIL DEFENSE AND BEACH RESORTS, LLC DBA HOTEL SANTA FE, GUAM,<br><br>Defendants. | CIVIL CASE NO.: CV0924-21<br><br><br>**DECISION AND ORDER**<br>***(MOTION TO FILE AMICUS CURIAE BRIEF)*** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 4th day of November, 2022, for a scheduling conference and hearing on the Motion to File an *Amicus Curiae* Brief ("Motion") brought by Robert Klitzkie, Esq. ("Klitzkie"). Attorney Douglas Moylan represented Klitzkie, Attorney James Canto II represented the Petitioner (hereinafter "AG"),

and Leslie Travis represented the Real Party in Interest (hereinafter "Governor"). The Court now issues the following Decision and Order on the Matter.

## BACKGROUND

The Motion arises from a Complaint for Declaratory Relief ("Complaint") brought by Petitioner, the Attorney General of Guam ("AG") on Dec. 27, 2021. Compl., at 1-2. The Complaint was filed *in rem* against the Government of Guam's contractual interests, in order to determine the validity of the Government's property interest with regard to its establishment of quarantine stations as part of the pandemic response. *Id.* at 2. Defendants *in rem* are the Government's property interests in two agreements between Guam Homeland Security & Office of Civil Defense and Sentry Hospitality Corp., one agreement between Guam Homeland Security & Office of Civil Defense and Marianas Properties, LLC, and one agreement between Guam Homeland Security & Office of Civil Defense and Beach Resorts, LLC. The Real Party in Interest is Governor of Guam Lourdes Leon Guerrero ("Governor"), represented by legal counsel Leslie A. Travis and Cheerful Catunao. *Id.* at 3.

Klitzkie filed the Motion on Feb. 14, 2022, bringing the motion as a "Guam taxpayer, resident, and Officer of this Court." Mot., at 1. Klitzkie seeks to submit an *amicus curiae* brief "addressing the issues of (i) Justiciability and Jurisdiction and (ii) Separation of Powers between the Branches of Government for the above action before deciding the action on its merits[.]" *Id.* The Governor opposes the Motion, arguing that the existing parties are already represented by competent counsel, that Klitzkie is "inappropriately seeking to argue on behalf of a phantom adversarial party," and that the proposed amicus fails to present useful "unique information or perspective" that is beyond the help that the lawyers for the parties can provide."

Opp. to Mot. to File Amicus Curiae Br. ("Opposition"), at 4, 10. The Court held a hearing on November 4, 2022 and subsequently took the matter under advisement.

## DISCUSSION

### I. The Court Has Broad Discretion to Grant a Motion to File an *Amicus Curiae* Brief.

There are few standards for the admission of *amicus curiae* briefs at the trial level, but the decision to permit a nonparty to submit a brief as *amicus curiae* is typically a matter of judicial grace. *Nat. Org. for Women, Inc. v. Scheidler*, 223 F.3d 615 (7th Cir. 2000). Guam has adopted the Federal Rules of Civil Procedure and relies on federal precedent as highly persuasive when interpreting the Guam Rules of Civil Procedure. *Ukau v. Wang*, 2016 Guam 26 ¶ 28. The Federal Rules of Civil Procedure do not have a rule in regards to submission as an *amicus curiae*. Therefore, this court turns to the treatment of the submission by the Federal District Courts. Many courts have found that there is broad discretion to grant non-parties permission to file as *amicus curiae* in any case if justified by the circumstances. *Northern Securities Co. v. U.S.*, 191 U.S. 555 (1903). Additionally, the granting or denial of leave to intervene as *amicus curiae* lies wholly within the discretion of the trial court, and is not reviewable on appeal. *Clark v. Sandusky*, 205 F.2d 915 (7th Cir. 1953).

### II. Subject Matter Jurisdiction Cannot Be Waived and Therefore the Issues Raised by the Motion are Not Precluded.

The Guam Supreme Court has held that any issues raised in an *amicus* brief will not be considered by the court if they have not been raised by either of the parties. *Guam YTK Corp. v. Port Authority of Guam*, 2019 Guam 12 ¶ 19 (citing *Hartig Drug Co. v. Senju Pharm. Co.* 836

F.3d 261, 267 (3d. Cir. 2016).[1] While additional issues may not be raised the issue brought in the Motion is a question of subject matter jurisdiction, which cannot be waived and may be raised at any time. *Guam Mem'l Hosp. v. Super. Ct.*, 2012 Guam 17 ¶ 8. As noted by the *Hartig* court an *amicus* cannot expand the scope of appeal but federal courts have an independent obligation to determine whether subject matter jurisdiction exists. 836 F.3d at 267. The Court finds that the issue of subject matter can be raised at any time and therefore the issues presented in the *amicus curiae* are not precluded.

Accordingly, the Court GRANTS Klitzkie's Motion to File an *Amicus Curiae* Brief.

## CONCLUSION AND ORDER

Based upon the foregoing reasons, Klitzkie's Motion to File an *Amicus Curiae* Brief is GRANTED.

The Court notes that under the Guam Appellate Rules of Procedure the Motion for Leave to File must include the proposed brief in addition to the movant's interest and the reason why the amicus brief is desirable and relevant. Guam R. App. P. 14(b)(1)-(2). The Court ORDERS that Klitzkie file the proposed *amicus curiae* brief withing thirty (30) days of this Order.

SO ORDERED    JAN 2 5 2023            .



_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

_____

[1] There may be a question if this rule applies to a trial court instead of an appellate court. This Court will not address this question because the Motion raises the issue of subject matter jurisdiction, which cannot be waived and may be raised at any point in the proceedings.

*Attorney General of Guam v. Agreement Between Guam Homeland Security Office of Civil Defense and Sentry Hospitality Corp., dba Days Inn, et al.,* CV924-21
DECISION & ORDER
Page 4 of 4